UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
NATIONAL ASSOCIATION FOR STOCK CAR
AUTO RACING, LLC,

<table>
<tr><td></td><td>USDC SDNY</td></tr>
</table>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/27/2026__

                          Plaintiff,

            -against-

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE A TO THE COMPLAINT,

                          Defendants.

26 Civ. 2955 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On April 15, 2026, this Court entered a temporary restraining order ("TRO") on Plaintiff's *ex parte* motion. *See* ECF No. 16. The Court found that Plaintiff was likely to succeed on its claims of trademark infringement by Defendants, that continued alleged infringement would cause Plaintiff irreparable harm, and on balance, that the potential harm to Plaintiff outweighed the potential harm to Defendants, that is, their continued profits from alleged infringement activities if the TRO was issued. *Id.* at 2–3.

The TRO also: (1) restrained Defendants from taking a variety of actions that infringed Plaintiff's trademark, (2) directed third-party financial institutions to locate and attach Defendants' financial accounts within five days, (3) authorized expedited discovery, (4) authorized Plaintiff to serve Defendants with the TRO, summons, and complaint by electronic means, (5) directed Plaintiff to deposit a security bond to pay any damages that may be recovered as a result of a wrongful restraint; and (6) sealed the complaint, Schedule A of the complaint, and exhibits 1 and 2 of Plaintiff's application, until the financial institutions identified in the TRO confirmed Defendants' funds are frozen or until Plaintiff properly serves Defendants with the summons and complaint, whichever comes later. *Id.* at 4–8.

The Court further ordered that any opposition papers shall be served and filed by April 27, 2026, and that the parties should appear on April 28, 2026, at 1:00 p.m., to show cause why a preliminary injunction should not issue. *Id.* at 8.

It is further ORDERED that:

1. By **May 1, 2026**, Plaintiff shall file a status update describing the compliance or noncompliance of Defendants and third parties with the Court's order.

2. The hearing scheduled for April 28, 2026, at 1:00 p.m. is ADJOURNED to **May 11, 2026**, at **2:00 p.m.** By **May 4, 2026**, Defendants shall file any opposing papers. By **May 6, 2026**, Plaintiff shall file a reply, if any.

3.  Pursuant to Federal Rule of Civil Procedure 65(b)(2), the TRO is extended to **May 11, 2026**. Good cause exists for an extension, because adjourning the preliminary injunction hearing is necessary to ensure Defendants are afforded adequate notice, and continued restraint of Defendants and third parties in the interim period is necessary to protect Plaintiff's rights against the irreparable harms demonstrated in their TRO application.

4.  By **April 29, 2026,** Plaintiff shall serve this order on Defendants using the same methods authorized by the TRO.  By **April 30, 2026**, Plaintiff shall provide the Court with proof of service.

5.  Plaintiff's notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) as to Defendants americanmadness and vintageclubclothing is APPROVED because Defendants have not filed an answer to the complaint or moved for summary judgment.  The Clerk of Court is respectfully directed to terminate Defendants americanmadness and vintageclubclothing on the docket.

SO ORDERED.

Dated: April 27, 2026
       New York, New York

_____
          ANALISA TORRES
     United States District Judge

2