UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

NATIONAL ASSOCIATION FOR STOCK
CAR AUTO RACING, LLC,

       Plaintiffs,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A TO THE COMPLAINT,

       Defendants.

----------------------------------------------------------------- x

Civil Action No. 1:26-cv-02955-AT

## DEFENDANT ROYAURA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISSOLVE THE TEMPORARY RESTRAINING ORDER AND DENY PRELIMINARY INJUNCTIVE RELIEF

**Wang Litigation Counsel, P.C.**

By: */s/ Zhangyuxi Wang*
Zhangyuxi Wang
295 Madison Ave 12th Floor
New York, NY 10017
Tel: 646-260-2217
Email: cwang@wanglitigationcounsel.com
*Attorney for Defendant Royaura appearing*
*for limited purposes only*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT AND FACTUAL BACKGROUND ......................................... 1

ARGUMENT ............................................................................................................................. 3

I. THE TRO MUST BE DISSOLVED, AND PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION MUST BE DENIED, BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER ROYAURA. ............................................................. 3

    A. NY CPLR § 302(a)(1) Does Not Apply to Royaura ............................................. 3

    B. NY CPLR § 302(a)(3) Does Not Apply to Royaura ............................................. 6

    C. Fed. R. Civ. P. 4(k) Does Not Confer Personal Jurisdiction over Royaura ......................... 8

II. THE TRO MUST BE DISSOLVED, AND PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION MUST BE DENIED BECAUSE THE TRO'S GENERALIZED ALTERNATIVE-SERVICE DOES NOT ESTABLISH PROPER SERVICE OR PERSONAL JURISDICTION OVER ROYAURA ......................................... 9

III. THE TRO MUST BE DISSOLVED, AND PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION MUST BE DENIED BECAUSE PLAINTIFF HAS NOT SATISFIED THE FOUR ELEMENTS REQUIRED FOR INJUNCTIVE RELIEF ............ 11

    A. Plaintiff Cannot Demonstrate Irreparable Harm ................................................. 11

    B. The Asset Freeze Is Inequitable and Causes Hardship to Royaura .................................. 12

    C. The Public Interest Would Be Disserved by Injunctive Relief ........................................... 12

    D. Plaintiff Is Unlikely to Succeed on the Merits .................................................... 13

CONCLUSION ........................................................................................................................ 13

## TABLE OF AUTHORITIES

**Cases**

*A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines*, 828 F. Supp. 2d 557 (E.D.N.Y. 2011) ....... 5

*American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.*, 439 F.2d 428
(2d Cir.1971).............................................................................................................. 7

*Andino v. Fischer*, 555 F.Supp.2d 418 (S.D.N.Y. 2008) ................................................... 11

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007) ........................................ 4

*Bionpharma Inc. v. CoreRx, Inc.*, 582 F. Supp. 3d 167 (S.D.N.Y. 2022) .................................. 12

*Bonhac World Corp. v. Mellin Works LLC*, No. 21 CV 9239 (NSR), 2023 WL 346950
(S.D.N.Y. Jan. 20, 2023)............................................................................................. 5

*Casper Sleep Inc. v. Level Sleep LLC*, No. 18-CV-10863 (DAB), 2019 WL 8333741
(S.D.N.Y. Nov. 7, 2019) ............................................................................................. 8

*Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d Cir.2010)......................................... 4

*Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549 (S.D.N.Y. 2000).................................... 7

*CleanSpark, Inc. v. Discover Growth Fund*, LLC, 485 F. Supp. 3d 494 (S.D.N.Y. 2020) ............ 3

*Coach IP Holdings, LLC v. ACS Grp. Acquisition LLC*, No. 23-CV-10612 (LGS) (VF),
2026 WL 851339 (S.D.N.Y. Mar. 27, 2026) ................................................................ 8

*Cont'l Indus. Grp., Inc. v. Mehmet Altunkilic*, No. 14-CV-790 (AT), 2016 WL 11796844
(S.D.N.Y. Apr. 6, 2016)............................................................................................... 8

*Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*, No. 23-CV-7106 (LJL),
2024 WL 1533189 (S.D.N.Y. Apr. 8, 2024)................................................................. 6

*Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.,* 7 N.Y.3d 65, 850 N.E.2d 1140,
818 N.Y.S.2d 164 (2006)............................................................................................. 4

*Donner v. Der Spiegel GMBH & Co. KG*, No. 24-2654-CV, 2025 WL 2985764
(2d Cir. Oct. 23, 2025) ................................................................................................ 4

*Dow Jones & Co., Inc. v. Perplexity AI, In*c., 797 F. Supp. 3d 305 (S.D.N.Y. 2025).................... 6

*Emoji Co. GmbH v. Individuals, Corps., Ltd. Liab. Companies, Partnerships & Unincorporated
Associations Identified on Schedule A*, No. 26-CV-1376 (LJL), 2026 WL 594186
(S.D.N.Y. Mar. 3, 2026) .............................................................................................. 13

*Free Country Ltd v. Drennen*, 235 F. Supp. 3d 559 (S.D.N.Y. 2016)......................................... 11

*Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 126 S. Ct. 1211, 163 L. Ed. 2d 1017 (2006) ........................................................................ 11

*Hammer v. Trendl*, No. CV 02-2462 (ADS), 2003 WL 21466686 (E.D.N.Y. Jan. 18, 2003) ....... 5

*Helio Logistics, Inc. v. Mehta,* No. 22 Civ. 10047 (NSR), 2023 WL 21887 (S.D.N.Y. Jan. 3, 2023) ............................................................................................. 6

*In re Angeln GmBH & Co. KG,* 510 F. App'x 90  (2d Cir. 2013) ................................................. 9

*International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ............. 9

*JCorps Int'l, Inc. v. Charles & Lynn Schusterman Fam. Found.*, 828 F. App'x 740 (2d Cir. 2020) ................................................................................................................... 8

*Lehigh Valley Indus. v. Birenbaum*, 527 F.2d 87 (2d Cir.1975) ................................................... 7

*Mareno v. Rowe*, 910 F.2d 1043 (2d Cir.1990) ............................................................................ 7

*Mazurek v. Armstrong,* 520 U.S. 968, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) ..................... 11

*Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560 (2d Cir.1996) .................................. 4

*NewLead Holdings Ltd. v. Ironridge Glob. IV Ltd.*, No. 14-cv-3945, 2014 WL 2619588 (S.D.N.Y. Jun. 11, 2014) ........................................................................................... 3

*Pablo Star Ltd. v. Welsh Gov't,* 170 F. Supp. 3d 597 (S.D.N.Y. 2016) ......................................... 3

*Porina v. Marward Shipping Co.*, 521 F.3d 122  (2d Cir. 2008) ................................................... 9

*Salinger v. Colting*, 607 F.3d 68 (2d Cir. 2010) .......................................................................... 11

*Savin Corp. v. Savin Grp.,* 391 F.3d 439 (2d Cir. 2004) ............................................................. 13

*Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382 (S.D.N.Y. 2022). .................................... 10

*Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi,* 164 F.4th 164 (2d Cir. 2025)......... 9, 10

*Spin Master Ltd. v. 158,* 463 F. Supp. 3d 348 (S.D.N.Y. 2020) ................................................... 5

*Steelite Int'l U.S.A., Inc. v. McManus,* No. 21-CV-2645 (LAK), 2021 WL 1648025 (S.D.N.Y. Apr. 27, 2021)......................................................................................... 12

*Telebrands Corp. v. Guangzhoulingyedianzishangwuyouxiangongsi*, No. 25 CIV. 8558 (DEH), 2025 WL 3458567 (S.D.N.Y. Dec. 1, 2025) ............................................................ 12

*Twin Beauty LLC v. NR Interactive LLC*, No. 24-CV-7412 (RPK) (RML), 2024 WL 5108153 (E.D.N.Y. Dec. 14, 2024) ........................................................................................... 7

iii

*Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196  (2d Cir. 2001) .................................................... 7

*Wiesner v. Reed,* No. 25-CV-9166 (AKH), 2026 WL 926729 (S.D.N.Y. Apr. 6, 2026) .............. 8

**Rules**

C.P.L.R. § 302(a)(1) ................................................................................................... 3, 4, 6, 8, 9

C.P.L.R. § 302(a)(3) ................................................................................................... 3, 6, 7, 8, 9

Fed. R. Civ. P. 4(f)(3) .................................................................................................... 10

Fed. R. Civ. P. 4(k) ........................................................................................................ 3, 8, 9

Defendant Royaura respectfully submits this memorandum of law in support of its emergency motion to dissolve the *ex parte* Temporary Restraining Order ("TRO") entered on April 15, 2026, pursuant to Federal Rule of Civil Procedure 65(b)(4), and to deny Plaintiff's request for a preliminary injunction, and to address threshold jurisdictional and service defects.

By bringing this motion and appearing for the limited purpose of contesting personal jurisdiction, service of process, and the propriety of injunctive relief, Royaura does not surrender to the personal jurisdiction of this Court or waive service of process. Nothing herein, nor any argument advanced in support of this motion, shall be deemed a general appearance or a waiver of any jurisdictional, service, venue, or other defenses, all of which are expressly preserved.

## PRELIMINARY STATEMENT AND FACTUAL BACKGROUND

This action comes before this Court as a result of deliberate forum shopping by Plaintiff to obtain extraordinary *ex parte* relief without satisfying basic jurisdictional and procedural requirements. It arises from a Schedule A litigation, in which plaintiffs seek to restrain the assets and listings of e-commerce sellers before establishing personal jurisdiction or proper service.

The Defendant "Royaura" or "Royaura.com" is not a legal person or entity, it is a cross-border e-commerce website run by Guangzhou Dehan Network Technology Co., Ltd. ("Dehan" or "Company"), a Company was established on June 18, 2019, in accordance with the laws of the People's Republic of China. See Liangliang Ren's declaration ("Ren's Decl.") ¶ 4, Ex. A (true and correct copy of company's registration information attached to Ren's Decl.) The company's registered address and principal place of business is Room 601, Building 1, Fanshan Super Energy Innovation Park, No. 900 Panyu Avenue North, Donghuan Street, Panyu District, Guangzhou City, Guangdong Province, China. Ren's Decl. ¶ 4, Ex. A. The Company does not maintain any offices,

1

facilities, or places of business in New York, nor does it have any employees, agents, or representatives based in New York. Ren's Decl. ¶ 4.

Since 2020, Dehan Company has registered and operated the website www.royaura.com. Ren's Decl. ¶ 6. The personnel responsible for operating this website are primarily full-time employees of Dehan Company, and the email account associated with the website is the company's official email address admin@dehannet.com. Ren's Decl. ¶ 6, Ex. B (true and correct copy of the domain ownership information obtained from eNom attached to Ren's Decl.) In 2020, Dehan Company applied for and established a PayPal account associated with the website, which has been used to receive payments from buyers and customers (as reflected in backend system screenshots). Ren's Decl. ¶ 7, Ex. C (true and correct copy of the Royaura PayPal account information, with personal sensitive consumer information redacted, attached to Ren's Decl.) Operating www.royaura.com is one of Dehan 's important business activities. Ren's Decl. ¶ 8. For this purpose, Dehan has hired 75 full-time employees in Guangzhou. Ren's Decl. ¶ 8.

As the operator of www.royaura.com and the seller of products offered on that website, Dehan Company has never agreed to or arranged for the use of NASCAR trademarks in the production of any merchandise sold by the company, and the company has never sold any apparel or other products bearing NASCAR trademarks or logos. Ren's Decl. ¶ 9. As of April 29, 2025, a search of www.royaura.com revealed no use of "Nascar" on the website. Ren's Decl. ¶ 10. Dehan further represents that www.royaura.com will not use any content that includes or relates to the name or trademarks of NASCAR in the future. Ren's Decl. ¶ 10.

The cross-border e-commerce website www.royaura.com is a significant source of revenue for Dehan Company. Ren's Decl. ¶ 11. In 2025, the company generated approximately $4.1 million in sales through this website; in 2024, approximately $5.6 million; and it estimates that in 2026,

monthly revenue will be approximately $ 400,000 to $450,000. Ren's Decl. ¶ 11, Ex. D (true and correct copy of the company's sales revenue summary attached to Ren's Decl.) If restrictions are imposed on transactions conducted through this website, such as limitations on receiving payments through PayPal and other financial institutions, this will cause substantial losses to Dehan. Ren's Decl. ¶ 12.

## ARGUMENT

**I.   THE TRO MUST BE DISSOLVED, AND PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION MUST BE DENIED, BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER ROYAURA.**

Personal jurisdiction is a threshold issue, and this Court lacks personal jurisdiction over Royaura. Due process requires that a court possess personal jurisdiction over a defendant before issuing injunctive relief against that defendant. See *CleanSpark, Inc. v. Discover Growth Fund*, LLC, 485 F. Supp. 3d 494, 500 (S.D.N.Y. 2020), citing *Pablo Star Ltd. v. Welsh Gov't,* 170 F. Supp. 3d 597, 611 (S.D.N.Y. 2016) ("A district court is "powerless to proceed" on a motion for preliminary injunction "in the absence of personal jurisdiction.") In order to obtain a preliminary injunction, a plaintiff must make more than a *prima facie* showing of jurisdiction. *Id.*, citing *NewLead Holdings Ltd. v. Ironridge Glob. IV Ltd*., No. 14-cv-3945, 2014 WL 2619588, at *3 (S.D.N.Y. Jun. 11, 2014).

Plaintiff asserts jurisdiction under New York's long-arm statute, C.P.L.R. § 302(a)(1) and C.P.L.R. § 302(a)(3)(i) and (ii), or in the alternative, Fed. R. Civ. P. 4(k). See Compl. Dkt. 20 ¶¶ 2-3. Here, neither provides a basis for exercising personal jurisdiction over Royaura.

### A.  NY CPLR § 302(a)(1) Does Not Apply to Royaura

To determine the existence of jurisdiction under section 302(a)(1), a court must decide

3

(1) whether the defendant "transacts any business" in New York and, if so, (2) whether this cause of action "aris[es] from" such a business transaction. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007), citing CPLR § 302(a)(1); See also *Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.,* 7 N.Y.3d 65, 71, 850 N.E.2d 1140, 1142, 818 N.Y.S.2d 164, 166 (2006). A plaintiff bears the burden of making *prima facie* showing of both purposeful availment and an articulable nexus between the defendant's New York activities and the alleged injury. See *Donner v. Der Spiegel GMBH & Co. KG*, No. 24-2654-CV, 2025 WL 2985764, at *2 (2d Cir. Oct. 23, 2025), citing *Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 246 (2d Cir. 2007). To defeat a motion contesting jurisdiction, the *prima facie* showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir.2010), *citing Metro. Life Ins. Co. v. Robertson–Ceco Corp*., 84 F.3d 560, 567 (2d Cir.1996).

Here, Plaintiff has not met that burden as to Royaura on its pleadings and own evidence. Plaintiff's jurisdictional allegations are pled generically against all defendants and are not meaningfully individualized as to Royaura. Compl., Dkt. 20 ¶¶ 1-6, 17. Plaintiff is well aware that Defendants are individuals and business entities who, upon information and belief, reside in various foreign jurisdictions. Compl., Dkt. 20 ¶ 17. Plaintiff further asserts, and without basis, that Defendants including Royaura, transact and/or solicit business in New York and in this Judicial District, and derive substantial revenue from business transactions in New York and in this Judicial District or otherwise avail themselves of the privileges and protections of the laws of the State of New York. Compl., Dkt. 20 ¶¶ 3, 17. These conclusory allegations against Royaura are unsupported by any evidence, and cannot be inferred by the Court for personal jurisdiction. Rather, Ren declares that Royaura is operated by Dehan, a company located in China, and that Royaura

4

has no employees, agents, or representatives based in New York. See Ren's Decl. ¶ ¶ 4 -8, Ex. A.

Plaintiff relies only on a screenshot from Royaura's website, without identifying any facts demonstrating that Royaura actually conducted commercial activity in New York. See Malayter's Decl. ¶ 11; see also Dkt. 20, Ex. 2. Plaintiff attempts to establish personal jurisdiction based solely on Defendants' alleged "ability to ship to the United States, including New York." See Dkt. 10 Malayter's Decl. ¶ 11. However, the Courts in this circuit consistently hold that "[m]erely offering a product outside New York for sale in New York is not enough to constitute purposeful availment when no sale actually takes place in New York or to a New York resident." *Spin Master Ltd. v. 158,* 463 F. Supp. 3d 348, 364 (S.D.N.Y. 2020); see *Bonhac World Corp. v. Mellin Works LLC*, No. 21 CV 9239 (NSR), 2023 WL 346950, at *3 (S.D.N.Y. Jan. 20, 2023)("It is also insufficient to allege that a defendant merely offers a product outside New York for sale in New York if no sale takes place in New York or to a New York resident, even if the defendant operates a commercial website capable of reaching customers in New York"); see also *Hammer v. Trendl*, No. CV 02-2462 (ADS), 2003 WL 21466686, at *5 (E.D.N.Y. Jan. 18, 2003) ("Simply posting book reviews on a website that can be read by New York Internet users does not demonstrate the type of purposeful activity in New York sufficient to support the exercise of personal jurisdiction.") Simply put, online advertising directed at the United States, or even directly at New York customers, does not confer personal jurisdiction in New York unless there are facts from which the Court can infer that Defendant purposefully availed itself of the privilege of conducting business in New York. See *A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines*, 828 F. Supp. 2d 557, 566–67 (E.D.N.Y. 2011).

Plaintiff has failed to meet its burden to prove any infringing transaction occurred in New York or to establish the required articulable nexus between its claims and this forum. Therefore,

Plaintiff has not set forth a *prima facie* case of personal jurisdiction under CPLR § 302(a)(1), and this Court lacks personal jurisdiction over Royaura.

### B. NY CPLR § 302(a)(3) Does Not Apply to Royaura

Plaintiff further invokes C.P.L.R. § 302(a)(3) to establish specific personal jurisdiction over Defendants. Compl., Dkt. 20 ¶ 3.  C.P.L.R. § 302(a)(3) states that a New York court may exercise jurisdiction over a non-domiciliary who commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce. N.Y. C.P.L.R. 302(a)(3).

To establish jurisdiction under § 302(a)(3), Plaintiffs must show that: [i] the defendant committed a tortious act outside New York; [ii] the cause of action arose from that act; [iii] the tortious act caused an injury to a person or property in New York; [iv] the defendant expected or should reasonably have expected the act to have consequences in New York; and [v] the defendant derived substantial revenue from interstate or international commerce. *Dow Jones & Co., Inc. v. Perplexity AI, In*c., 797 F. Supp. 3d 305, 325 (S.D.N.Y. 2025), citing *Helio Logistics, Inc. v. Mehta,* No. 22 Civ. 10047 (NSR), 2023 WL 21887, at *7 (S.D.N.Y. Jan. 3, 2023). Whether the plaintiff's injury occurred "in" New York for purposes of § 302(a)(3) generally depends on "a situs-of-injury test, which asks [courts] to locate the original event which caused the injury." *Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*, No. 23-CV-7106 (LJL), 2024 WL 1533189, at *10 (S.D.N.Y. Apr. 8, 2024), citing *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 209 (2d Cir.

2001).

The 2nd circuit holds that the situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff. *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 209 (2d Cir. 2001), citing *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir.1990); See also *Twin Beauty LLC v. NR Interactive LLC*, No. 24-CV-7412 (RPK) (RML), 2024 WL 5108153, at *6 (E.D.N.Y. Dec. 14, 2024)("[C]ourts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the original event which caused the injury.")(internal citation omitted). "The occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York." *Id*.

Here, Plaintiff failed to prove the any tortious act caused injury to its property in New York to satisfy situs-of-injury test under § 302(a)(3). The alleged creation and maintenance of web sites bearing infringing marks does not constitute a tort in any state where the sites can be viewed. *Citigroup Inc. v. City Holding Co*., 97 F. Supp. 2d 549, 568 (S.D.N.Y. 2000).  Additionally, it is insufficient to support the exercise of jurisdiction over a defendant based on the allegations of "remote or consequential injuries such as lost commercial profits which occur in New York only because the plaintiff is domiciled or doing business here." *Id*., *citing Lehigh Valley Indus. v. Birenbaum*, 527 F.2d 87, 94 (2d Cir.1975); see also *American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp*., 439 F.2d 428, 433 (2d Cir.1971) (rejecting as insufficient "harm in New York in the sense that any sale lost anywhere in the United States affects [the plaintiff's] profits").

Further, Plaintiff failed to prove any specific loss it suffered as a result of Royaura's alleged infringing actions as required by 302(a)(3). To establish injury for purposes of § 302(a)(3),

Plaintiff must allege specific lost within the New York market. *Coach IP Holdings, LLC v. ACS Grp. Acquisition LLC*, No. 23-CV-10612 (LGS) (VF), 2026 WL 851339, at \*14 (S.D.N.Y. Mar. 27, 2026), citing *Cont'l Indus. Grp., Inc. v. Mehmet Altunkilic*, No. 14-CV-790 (AT), 2016 WL 11796844, \*7 (S.D.N.Y. Apr. 6, 2016). Conclusory allegations that a plaintiff lost potential sales and customers in New York are not enough to plead adequately that defendant caused injury to plaintiff within the state as § 302(a)(3) requires. *Id.*, citing *Casper Sleep Inc. v. Level Sleep LLC*, No. 18-CV-10863 (DAB), 2019 WL 8333741, at \*3 (S.D.N.Y. Nov. 7, 2019) (internal citation omitted).

Simply put, Plaintiff's attempt to establish specific jurisdiction under CPLR § 302(a)(3) based on conclusory allegations fails for lack of the required specificity and proper situs of injury. See *JCorps Int'l, Inc. v. Charles & Lynn Schusterman Fam. Found.*, 828 F. App'x 740, 745 (2d Cir. 2020). Moreover, the attempt also fails because Plaintiff has not established that Royaura engaged in a regular course of business or persistent course of conduct in New York as required under CPLR § 302(a)(3). *Wiesner v. Reed,* No. 25-CV-9166 (AKH), 2026 WL 926729, at \*3 (S.D.N.Y. Apr. 6, 2026).

Accordingly, New York courts cannot exercise personal jurisdiction over Royaura under C.P.L.R. §§ 302(a)(1), 302(a)(3)(i), or 302(a)(3)(ii).

## C.  Fed. R. Civ. P. 4(k) Does Not Confer Personal Jurisdiction over Royaura

Plaintiff is likewise unable to establish personal jurisdiction under the federal long-arm statute. Rule 4(k)(2) allows the exercise of personal jurisdiction by a federal district court when three requirements are met: (1) the claim must arise under federal law; (2) the defendant must not be "subject to jurisdiction in any state's courts of general jurisdiction"; and (3) the exercise of jurisdiction must be "consistent with the United States Constitution and laws. *Porina v. Marward*

8

*Shipping Co.*, 521 F.3d 122, 127 (2d Cir. 2008); Fed. R. Civ. P. 4(k)(2). To satisfy the third requirement, the plaintiff must show that the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction. *In re Angeln GmBH & Co. KG,* 510 F. App'x 90, 92 (2d Cir. 2013), citing *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Even assuming *arguendo,* the first two requirements were met, Rule 4(k)(2) would still require a showing that Royaura has sufficient contacts with the United States as a whole to satisfy due process. Plaintiff offers no evidence of such nationwide contacts. Rather, as demonstrated, Royaura is operated by Dehan, a company located in China, and has insufficient contacts with New York. See Ren's Decl. ¶¶ 4–8, Exs. A, B, C. Accordingly, Plaintiff's failure to satisfy the requirements of Rule 4(k)(2) forecloses any reliance on the federal long-arm statute as a basis for exercising personal jurisdiction over Royaura.

For these reasons, no injunction may be issued against Rorauya since Plaintiff has failed to make a *prima facie* showing that this Court may exercise personal jurisdiction under C.P.L.R. §§ 302(a)(1) or 302(a)(3), or pursuant to Fed. R. Civ. P. 4(k).

## II.    THE TRO MUST BE DISSOLVED, AND PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION MUST BE DENIED BECAUSE THE TRO'S GENERALIZED ALTERNATIVE-SERVICE DOES NOT ESTABLISH PROPER SERVICE OR PERSONAL JURISDICTION OVER ROYAURA

On December 18, 2025, the Second Circuit held that the Hague Service Convention does not permit service by email on China-based defendants under Rule 4(f)(3). S e e *Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi,* 164 F.4th 164, 170-72 (2d Cir. 2025) ("In sum, we conclude that email service on the Chinese defendants is prohibited by the Hague Service Convention, and thus improper under Rule 4(f)(3).") The Second Circuit explained that because China has

formally objected to Article 10 of the Hague Convention, including service by postal channels, service by email is prohibited, not merely unaddressed. See *id*. It is settled that a plaintiff may not bypass the Convention's mandatory procedures by invoking Fed. R. Civ. P. 4(f)(3) where the defendant's address is known.

Here, Plaintiff attempted to evade the application of Hague Service Convention by claiming that (1) Defendant Royaura is a Hong Kong company, and (2) because the address of this "Hong Kong company" is unknown to the Plaintiff therefore they are exempted from serving the process in accordance with a much more fair and sophisticated requirements under the Convention. See Dkt. 11, Mu's Decl. (Shengmao Mu's Declaration) ¶¶ 10–12; Dkt. 20, Ex. 2.

Contrary to Plaintiff's assertion, the record clearly establishes that the legal entity behind the named defendant Royaura is Guangzhou Dehan Network Technology Co., Ltd., a company based in Guangzhou, Mainland China. See Ren's Decl. ¶¶ 4–8, Exs. A, B, C. Dehan registered the royaura.com and has been the only entity running this cross-border e-commerce site for many years. See Ren's Decl. ¶¶ 4–8, Exs. A, B, C. Besides of being the only operator of the Royaura, Dehan is the only entity that receives all the payment Royaura.com receives from financial institutions such as PayPal. See Ren's Decl. ¶ 7, Ex. C. Further, Defendant Royaura's name and physical address can be easily ascertained from various public records such as Royaura's PayPal account information and domain registration records. See Ren's Decl. ¶¶ 4–8, Exs. A, B, C. Since Royaura's identity and location are readily ascertainable, diligence required Plaintiff to effect service through China's Central Authority pursuant to the Hague Convention. See *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1398 (S.D.N.Y. 2022).

Plaintiff's failure to serve Royaura through the Convention's mandatory channels renders service improper as a matter of law. Accordingly, the TRO must be dissolved as to Royaura, and

10

Plaintiff's request for a preliminary injunction against Royaura must be denied.

### III. THE TRO MUST BE DISSOLVED, AND PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION MUST BE DENIED BECAUSE PLAINTIFF HAS NOT SATISFIED THE FOUR ELEMENTS REQUIRED FOR INJUNCTIVE RELIEF

As set forth above, Plaintiff has failed to establish personal jurisdiction over Royaura. For that reason alone, the temporary restraining order must be dissolved and cannot be converted into a preliminary injunction.

Even assuming *arguendo* that the Court were to find jurisdiction, Plaintiff cannot satisfy the demanding standard required to maintain the TRO or convert it into a preliminary injunction. The standard for an entry of a TRO is essentially the same as for a preliminary injunction. *Free Country Ltd v. Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016) citing *Andino v. Fischer*, 555 F.Supp.2d 418, 419 (S.D.N.Y. 2008). A preliminary injunction is "an extraordinary and drastic remedy" that should not issue absent "a clear showing" by the movant. *Mazurek v. Armstrong,* 520 U.S. 968, 972, 117 S. Ct. 1865, 1867, 138 L. Ed. 2d 162 (1997) (internal citation omitted). see also *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 419, 126 S. Ct. 1211, 1213, 163 L. Ed. 2d 1017 (2006) (Holding that the burdens with respect to the compelling interest test at the preliminary injunction stage track the burdens at trial.)

To obtain such relief, Plaintiff must establish: (1) a likelihood of success on the merits; (2) irreparable harm absent an injunction; (3) that the balance of hardships tips in its favor; and (4) that the public interest would not be disserved. *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010). Plaintiff cannot meet this burden.

#### A. Plaintiff Cannot Demonstrate Irreparable Harm

To demonstrate a sufficient threat of irreparable harm, a plaintiff must show an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award

of monetary damages. *Steelite Int'l U.S.A., Inc. v. McManus,* No. 21-CV-2645 (LAK), 2021 WL 1648025, at *11 (S.D.N.Y. Apr. 27, 2021).

Here, Plaintiff failed to show any actual and imminent harm that can meet this standard. Rather, Royaura's Legal Representative and Director Ren declared that, as of April 29, 2026, after a diligent search, Royaura does not sell any products bearing Plaintiff's trademark or use any Plaintiff's trademark on any product copy, and will ensure that no content related to Plaintiff's trademark is displayed on its website in the future. See Ren's Decl. ¶10. Accordingly, the Court should dissolve the TRO and refuse to issue a preliminary injunction against Royaura because Plaintiff has failed to demonstrate irreparable harm.

### B. The Asset Freeze Is Inequitable and Causes Hardship to Royaura

The TRO's blanket asset restraint is independently improper and should be narrowly tailored to the proceeds of the alleged wrongdoing. Restraining the transfer or disposal of monies or funds from Defendants' Accounts, as well as the transfer or disposal of Defendants' Assets, imposes severe hardship and threatens business operations. Such relief is inequitable and unwarranted. Royaura estimates that in 2026, its monthly revenue will be approximately $400,000 to $450,000. See Ren's Decl. ¶11, Ex. D. The $1,500 bond issued by the Court is insufficient to cover Royaura's losses from an improper TRO or preliminary injunction order.

### C. The Public Interest Would Be Disserved by Injunctive Relief

Courts must also consider "public consequences in employing the extraordinary remedy of injunction." *Telebrands Corp. v. Guangzhoulingyedianzishangwuyouxiangongsi*, No. 25 CIV. 8558 (DEH), 2025 WL 3458567, at *6 (S.D.N.Y. Dec. 1, 2025), citing *Bionpharma Inc. v. CoreRx, Inc.*, 582 F. Supp. 3d 167, 178 (S.D.N.Y. 2022).

Public interest disfavors extraordinary injunctive relief where, as here, a plaintiff engages

12

in evident forum shopping. Such action is plainly improper as it leads to inconsistent results, unequal access, and judicial burden. Public interest is further disserved by overbroad TROs in Schedule A cases. Dissolving the TRO and declining to issue a preliminary injunction in this case would serve the public interest.

### D. Plaintiff Is Unlikely to Succeed on the Merits

The crucial issue in an action for trademark infringement is whether there is any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question. *Emoji Co. GmbH v. Individuals, Corps., Ltd. Liab. Companies, Partnerships & Unincorporated Associations Identified on Schedule A*, No. 26-CV-1376 (LJL), 2026 WL 594186, at *1 (S.D.N.Y. Mar. 3, 2026), citing *Savin Corp. v. Savin Grp.,* 391 F.3d 439, 456 (2d Cir. 2004).  Here, no likelihood of consumer confusion can be inferred.

Without waiving any jurisdictional or procedural defenses, as illustrated, Plaintiff is unlikely to succeed on the merits of its claims. Royaura reserves the right to supplement its arguments on merits, if necessary, in connection with the upcoming preliminary injunction hearing currently scheduled for May 11 at 2 p.m.

### CONCLUSION

For the foregoing reasons, Royaura respectfully requests that the Court dissolve the temporary restraining order as to Royaura, deny Plaintiff's request for a preliminary injunction against Royaura, and dismiss the Complaint as against Royaura for lack of personal jurisdiction and improper service of process, or, in the alternative, grant Royaura leave to file an expedited motion to dismiss.

Dated: New York, New York
     May 4, 2026

Respectfully Submitted,

**Wang Litigation Counsel, P.C.**

By: _/s/ Zhangyuxi Wang_
    Zhangyuxi Wang
    295 Madison Ave 12th Floor
    New York, NY 10017
    Tel: 646-260-2217
    Email: cwang@wanglitigationcounsel.com
    _Attorney for Defendant Royaura appearing_
    _for limited purposes only_

14