**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

NATIONAL ASSOCAITION FOR STOCK
CAR AUTO RACING, LLC,

                                Plaintiff,                    **26-CV-02955 (AT) (VF)**

              -against-                                       <u>**ORDER**</u>


THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

                                Defendants.

---------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On June 5, 2026, Plaintiff filed a request for leave to serve Defendant Royaura ("Defendant"), who is located in China, via domestic service on its U.S.-based counsel, Zhangyuxi Wang of Wang Litigation Counsel, P.C. ("Wang"). ECF No. 45. Wang filed a response on June 10, 2025, explaining that Wang appeared on behalf of Defendant on May 13, 2026, solely to contest jurisdiction, and that Wang is not Defendant's general counsel and nor can Wang accept service on behalf of Defendant. ECF No. 48.

Service of defendants located abroad is governed by Federal Rule of Civil Procedure 4(f). See <u>Burda Media, Inc. v. Viertel</u>, 417 F.3d 292, 299 (2d Cir. 2005). Application of the rule often overlaps with application of the Hague Convention, an international agreement ratified by the United States in 1969, which aimed to "simplify, standardize, and generally improve the process of serving documents abroad." <u>Water Splash, Inc. v. Menon</u>, 581 U.S. 271, 273 (2017). This is so because, among other things, Rule 4(f) provides that foreign defendants may be served "by

1

any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Fed. R. Civ. P. 4(f)(1). Where the Hague Convention applies, service must be accomplished in accordance with its terms. Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988). Because China is a signatory to the Hague Convention, service on defendants located in China is generally governed by its terms. See, e.g., Mettera v. Yanfang, No. 24-CV-7911 (JGK), 2024 WL 5036817, at *1 (S.D.N.Y. Nov. 8, 2024).

In considering whether alternative service on a foreign party is appropriate, courts in the Second Circuit "generally consider whether (1) the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) the circumstances are such that the court's intervention is necessary." Orient Plus International Limited v. Baosheng Media Group Holdings Limited, 24-CV-00744 (JLR), 2024 WL 2317715, at *2 (S.D.N.Y. May 22, 2024). "Though seeking Hague Convention service is not per se required in order to qualify for alternative service . . . its absence ordinarily weighs against a finding of reasonable effort." Safran Electronics & Defense SAS v. Exail SAS, 764 F. Supp. 3d 133, 143 (S.D.N.Y. 2025). "Thus, in cases involving service  . . . in a country that is a signatory to the Hague Convention, courts have often imposed a requirement that litigants first attempt service by means of the Hague Convention before seeking court-ordered alternative service." In re GLG Life Tech Corp. Sec. Litig., 287 F.R.D. 262, 266 (S.D.N.Y. 2012).

Plaintiff argues that service on Defendant's U.S. counsel is appropriate because courts have authorized service on a foreign defendant when not prohibited by international agreement and when it is reasonably calculated to give notice, and because Plaintiff is proposing domestic service and not service by e-mail. ECF No. 45 at 1. Plaintiff also argues that service via the

2

Hague Convention would be "impracticable" and "lengthy." Id. at 3. Plaintiff, however, has not indicated that it has attempted service via the Hague Convention, or any other means. As such, alternative service on Defendant's U.S. counsel is not yet appropriate. See Safavieh Int'l, LLC v. Chengdu Junsen Fengrui Technology Co., Ltd.-Tao Shen, 23-CV-3960 (CM), 2023 WL 3977505, at *5-6 (S.D.N.Y. June 13, 2023) (denying motion for alternative service on a Chinese corporation because plaintiff had not attempted service on defendant and had not identified any exigent circumstances other than the process through the Hague Convention being "extremely difficult and time-consuming"); Safran, 764 F. Supp. 3d at 143 (denying motion for alternative service on a French corporation because previous attempts at service involved only sending two e-mails to defense counsel, with no attempt to effectuate service via the Hague Convention or any other means); Pesic v. Mauritius Int'l Arb. Ctr. Ltd., No. 23-CV-1100 (JMF), 2024 WL 1055041, at *2 (S.D.N.Y. Feb. 6, 2024) (declining request for alternative service on Australian corporation where "Plaintiff has not established that he made any effort to serve [defendant] pursuant to the Hague Service Convention"); cf. Jian Zhang v. Baidu.com Inc., 293 F.R.D. 508, 514 (S.D.N.Y. 2013) (allowing alternative service on U.S. counsel when plaintiff had already attempted service under the Hague Convention and China had objected under Article 13 thereof); and Khan Funds Mgmt. America, Inc. v. Nations Technologies Inc., 22-CV-5055 (ER), 2024 WL 3013759, at *5 (S.D.N.Y. June 13, 2024) (allowing alternative service on U.S. counsel when plaintiffs had already hired a process server to attempt service under the Hague Convention, to which China objected under Article 13 thereof); In re Bibox Grp. Holdings Ltd. Sec. Litig., No. 20-CV-2807 (DLC), 2020 WL 4586819, at *3 (S.D.N.Y. Aug. 10, 2020) (allowing alternative service on Chinese and Estonian corporations and individuals where "Plaintiff has exhausted the

reasonable efforts required under the Hague Convention" and "plaintiff's attempts to locate other suitable addresses have been unavailing").

Plaintiff's citations do not counsel a different result. See, e.g., Volkswagenwerk, 486 U.S. at 696 (approving service of process on a foreign corporation by serving its domestic subsidiary); In GLG Life Tech Corp. Sec. Litig., 287 F.R.D. at 264 (approving alternative service on individual defendant where plaintiff had attempted to serve defendant via process server and was unable to identify a residential address or another way to serve defendant); RSM Prod. Corp. v. Fridman, No. 06-CV-11512 (DLC), 2007 WL 2295907, at *2 (S.D.N.Y. Aug. 10, 2007) (granting alternative service where "plaintiffs had shown that they were unable to serve [defendant] in the Russian Federation pursuant to procedures set forth by the Hague Convention").

If after making the necessary efforts pursuant to the Hague Convention, Plaintiff is unable to effectuate service, Plaintiff may renew its request for leave to serve via alternative means. Plaintiff's request is therefore denied without prejudice.

**SO ORDERED.**

DATED:    New York, New York
          July 6, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge

4