USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: _11/4/2026____

DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC,

Plaintiff,

-against-

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,

Defendants.

26 Civ. 2955 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On November 2, 2026, the Court issued an Order to Show Cause, ECF No. 89, which required Plaintiff, *inter alia*, to:

> [S]erve on each Defendant (1) a copy of this Order to Show Cause, (2) a copy of the Clerk of Court's certificate of default, (3) copies of Plaintiff's submissions at ECF Nos. 80–84. Plaintiff shall serve Defendants in the same manner as set forth on pages 6–7 of the Preliminary Injunction Order in this action. *See* ECF No. 16.[1]

On November 3, 2026, Plaintiff filed a certificate of service, ECF No. 90, stating:

> [O]n November 3, 2026, I or somebody under my direction electronically published on a website the Order to Show Cause Why Default Judgment Should Not Be Entered Against Defaulting Defendants (Dkt. 89) and its supporting papers, (collectively, the "OSC Papers"), notifying the Defendants of the hearing date on Plaintiff's request for Default Judgment on December 21, 2026, at 2:00 PM EST and of the deadline for opposing papers to be filed by December 4, 2026.

Plaintiff's method of service does not comport with the Court's TRO and preliminary injunction orders. *See* ECF No. 16, at 6–7; ECF No. 39, at 6. Both orders required Plaintiff to send each Defendant "a link to a website where each Defendant will be able to download PDF copies of [the relevant documents] . . . to Defendants' e-mail addresses . . . ." *See id.*

[1] The Court erred in describing its order at ECF No. 16 as its "Preliminary Injunction Order." The order at ECF No. 16 was an order to show cause for a preliminary injunction and a temporary restraining order ("TRO"). However, the provisions regarding service by electronic mail in the Court's preliminary injunction order are identical to those in the TRO. *Compare* ECF No. 39, at 6, *with* ECF No. 16, at 6–7.

Plaintiff's certificate of service states that it merely "published on a website" the documents the Court ordered to be served on each Defendant. ECF No. 90. Plaintiff must email each Defendant a link to the website for service to be effectuated.

By **November 13, 2026**, Plaintiff shall either (1) serve each Defendant in accordance with the Court's TRO, *see* ECF No. 16, or (2) submit a letter clarifying that it did, in fact, send each Defendant an email with a link to the documents specified in the Court's November 2, 2026 order.

SO ORDERED.

Dated: November 4, 2026
New York, New York

ANALISA TORRES
United States District Judge